**In re TRAVEL AGENT COMMISSION ANTITRUST LITIGATION**

**Tam Travel, Inc., et al. v. Delta Airlines, Inc., et al., N.D. California, C.A. No. 4:03-1502**

**Paula Fausky, et al. v. American Airlines, et al., N.D. Ohio, C.A. No. 1:03-832**

**Swope Travel Agency, et al. v. Orbitz LLC, et al., E.D. Texas, C.A. No. 1:03-346**

**No. 1561.**

Judicial Panel on Multidistrict Litigation.

Nov. 10, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending, respectively, in the Northern District of California, the Northern District of Ohio, and the Eastern District of Texas. Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by common defendants Delta Air Lines, Inc.; American Airlines, Inc.; and Continental Airlines, Inc., for coordinated or consolidated pretrial proceedings of these actions in a single district, preferably the Northern District of Ohio. Plaintiffs in the three actions oppose the motion. Should the Panel grant the motion over their objections, then plaintiffs in the three actions would support centralization in the Eastern District of Texas.

■ On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions name overlapping defendants and share factual questions arising out of an alleged unlawful conspiracy by those defendants to fix, reduce, cap, and ultimately eliminate base commissions paid to travel agents. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ Plaintiffs in the Eastern District of Texas action premise their objections to transfer, in part, on the grounds that their action also involves unique matters not present in other actions, and that transfer would be inconvenient and burdensome. These plaintiffs submit that their action presents different factual questions regarding a joint venture, owned by certain airlines, including the three moving defendants, which allows consumers to purchase airline tickets online, among other things. We find this argument unpersuasive. This action, like the other two actions before the Panel, involves allegations of a conspiracy for the unlawful reduction and elimination of commissions to travel agents, and factual questions concerning the existence, duration, and participants in the alleged conspiracy will be common to each action. We note that Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization and that the presence of different nuances does not negate the existence of common questions of fact. *See In re Phenylpropanolamine (PPA) Products Liability Litigation,* 173 F.Supp.2d 1377 (Jud.Pan.Mult.Lit.2001).

■ Given the geographic dispersal of constituent actions, no district stands out as the focal point for this docket. In selecting the Northern District of Ohio as the transferee district, we note that i) an action is pending there, and ii) this district has the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Patricia A. Gaughan for coordinated or consolidated pretrial proceedings with the action pending in that district.